## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WILLIAM H. HOLLOMAN,

    Plaintiff,

vs.                                            CASE NO. 3:10-cv-1201-J-99MMH-TEM

MAYO CLINIC,

    Defendant.

_____

## O R D E R

This case is before the Court on Plaintiff's Petition to [the] Court to Appoint ... an Attorney (Doc. #3) and Plaintiff's Petition for Time Extension (Doc. #4), both of which were filed December 29, 2010. In this action, Plaintiff first asserts he has not been able to find an attorney to take his case because the Equal Employment Opportunity Commission (EEOC) had not provided his file to him (Doc. #3). Confusingly, Plaintiff asserts in the petition for an extension of that he needs more time to "canvas attorneys" to represent him (*see* Doc. #4). The Court will construe both petitions as motions for its consideration.[1]

Counsel may be appointed to represent a plaintiff in a Title VII case "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). However, "[a] Title VII plaintiff has no automatic right to appointed counsel," *Hunter v. Department of Air Force Agency,* 846 F.2d 1314, 1317 (11th Cir. 1988) (per curiam), and the decision whether to appoint counsel is within the district court's discretion. *Id.; see also Vining v. Runyon,* 99 F.3d 1056, 1057 (11th Cir. 1996) (per curiam). "In determining whether to appoint counsel under [section 2000e-

---

[1]The Court will also note that it does not appear Plaintiff has served the complaint upon the Defendant. Thus, there is no opposing counsel with whom Plaintiff should confer under Local Rule 3.01(g) prior to bringing these requests before the Court. Plaintiff is cautioned, however, to review the mandates of Local Rule 3.01(g) and to adhere to them as soon as an appearance by Defendant is made in this case.

5(f)(1)], a trial court is to consider 'the merits of the plaintiff's claim, the plaintiff's efforts to obtain counsel, and the plaintiff's financial inability to retain counsel.'" *Reynolds v. Roberts,* 846 F. Supp. 948, 951 (M.D. Ala. 1994) (quoting *Luna v. International Ass'n of Machinists and Aerospace Workers Local # 36*, 614 F.2d 529, 531 (5th Cir. 1980)). Another consideration for the Court is the plaintiff's "ability to understand and present his own claims." *Vining*, 99 F.3d at 1057 n.2.

Having considered the above-mentioned factors, the Court finds appointment of counsel is not appropriate under the circumstances. In *Dean v. Barber*, the court indicated that where the facts and legal issues are so novel or complex as to require the assistance of a trained attorney, the appointment of counsel may be appropriate. *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir.1992). Yet, the *Dean* court found counsel should be appointed "only in exceptional circumstances." *Id.* Even assuming Plaintiff's claim of discrimination has merit, the Court's review of the file finds the suit does not involve complex legal or factual issues. A review of the record thus far indicates Mr. Holloman is capable of understanding and litigating this case at this juncture.

Furthermore, the Court's ability to honor requests for appointment of counsel to indigent parties is hindered by the limited number of volunteer attorneys willing to accept appointment on a *pro bono* basis in private, civil litigation. *See Holloway v. Cannon*, Case No. 96-694-CIV-T25A, 1997 WL 34626134 (M.D. Fla. Mar. 4, 1997). A court may request, but can not require, an attorney represent an indigent civil litigant. *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296 (1989).

However, after the case progresses, Plaintiff may re-file a motion for appointment of counsel for the Court's consideration, if later he believes there are complex legal or factual issues that would warrant such action.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's Petition to [the] Court to Appoint ... an Attorney (Doc. #3), construed as a motion, is **DENIED without prejudice**.

2. Plaintiff's Petition for Time Extension (Doc. #4) is **DENIED as moot**. Plaintiff need not seek the leave of the Court for a set period of time within which to retain counsel. Plaintiff may continue to proceed in this action on a *pro se* basis until such time as he has found legal counsel to represent him. As there are currently no deadlines established in the governance of this case, an extension of time is inapposite. Plaintiff is reminded, however, that service of the complaint upon the Defendant must be accomplished within 120 days of filing the action. *See* Fed. R. Civ. P. 4(m).

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of January, 2011.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
All Counsel of Record
Pro Se Parties, if any