UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM H. HOLLOMAN,

    Plaintiff,

vs.                                              CASE NO. 3:10-cv-1201-J-37TEM

MAYO CLINIC,

    Defendant.
_____

## O R D E R

This case is before the Court on Plaintiff's [Second Amended] Affidavit of Indigency (Doc. #17), which contains Plaintiff's application to proceed in forma pauperis in this action. The Court will therefore construe the Affidavit as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Also before the Court's consideration are Plaintiff's Motion for Leave to Amend Plaintiff's Complaint (Doc. #19) and Plaintiff's Motion to Extend Time to Serve the Defendant (Doc. #20).

Previously, the Court was unable to determine whether or not Plaintiff meets the financial criteria that would entitle him to proceed in this litigation without prepayment of the filing fee because the original affidavit of indigency had numerous blank spaces where either a dollar amount or a zero should be recorded (*see* Doc. #2) and the first amended affidavit of indigency reported a receipt of what appeared to be a little more than $20,000 within the last year, without explanation of expenses against those monies (*see* Doc. #10). The Court, therefore, issued its Order to Show Cause (Doc. #15) directing Plaintiff to show cause why Plaintiff's request to proceed *in forma pauperis* should not be denied and the undersigned should not recommend dismissal of this lawsuit. The show cause hearing was

held on June 29, 2011 (*see* Doc. #16, Clerk's Minutes).  The Second Amended Affidavit of Indigency (Doc. #17) was filed in open Court during the hearing.

At the request of the Court, the Clerk of Court undertook an effort to locate an attorney who would accept appointment to this case pursuant to the Jacksonville Division Civil Pro Bono Appointment Program.  Although there is no Constitutional or statutory right to appointment of an attorney in this case, upon review of the record as a whole, the Court determined that the appointment of a lawyer for Plaintiff is appropriate.  Attorney Rachel A. Compton, Esq., reviewed the case file and agreed to accept appointment.  Ms. Compton was present at the June 29 hearing.  Accordingly, as noted in the Minutes of the June 29 hearing (Doc. #16), Ms. Rachel A. Compton, Esq., has been appointed to this case as of June 29, 2011.[1]

The Court has now reviewed the second amended affidavit of indigency (Doc. #17) and finds Plaintiff has submitted a sworn affidavit showing that he meets the financial criteria which would entitle a plaintiff to be eligible to proceed *in forma pauperis*.  Therefore, Plaintiff shall be **GRANTED** leave to proceed *in forma pauperis* in this case.

On July 11, 2011, Plaintiff's Motion for Leave to Amend Plaintiff's Complaint (Doc. #19, Motion to Amend) was filed by Plaintiff's new counsel.  Counsel desires to set forth "a more streamlined and factual complaint" than Plaintiff filed as a *pro se* litigant (*see* Doc. #19 at 2).  Plaintiff's Motion to Extend Time to Serve the Defendant (Doc. #20, Motion to Extend Service) was filed concurrently with the Motion to Amend.  Plaintiff's original

---

[1] Pursuant to the cost reimbursement program, the appointed attorney is permitted to be reimbursed for certain costs incurred during the representation.  A form explaining the allowable costs and the procedure for obtaining reimbursement is available on the Court's website www.flmd.uscourts.gov.  The Court appreciates the service of appointed counsel.

complaint was filed on December 29, 2010 (*see* Doc. #1). Thus, service of process of the original complaint should have been accomplished by April 28, 2011. *See* Fed. R. Civ. P. 4(m) (allowing 120 days for service of the complaint upon the named defendants). In this instance, Plaintiff's Motion to Amend must be considered in the context of Plaintiff's Motion to Extend Service.

When a plaintiff fails to timely effect service of the complaint, the plaintiff must show good cause for the failure.[2] *See id.* During the course of this litigation, Plaintiff as a *pro se* litigant did not ignore his obligations, but rather sought leave of the Court to grant extensions of time (*see* Docs. #4, #12). The Court has relatively wide discretion to enlarge the period for service of process, even should good cause not be shown for the plaintiff's failure. The United States Supreme Court has recognized, "[m]ost recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996) (quoting Rule 4 advisory committee's note). Here, taking Plaintiff's lack of familiarity with federal court procedures and Plaintiff's active involvement with his case since its inception into account , the Court finds good cause to enlarge the time for service

---

[2]While Rule 4(m) instructs the court to allow additional time for service of process when a plaintiff shows good cause, it also provides the court may "direct that service be effected within a specified time." The advisory committee's notes accompanying Rule 4(m) provide the following guidance:
> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision **even if** there is no good cause shown.

Rule 4(m) advisory committee's note (1993) (emphasis added).

3

of process **through August 22, 2011**.

Conceivably, as Plaintiff's original complaint has yet to be served upon Defendant, the Court could find Plaintiff has the right to amend the complaint once as a matter of course. See Fed. R. Civ. P. 15(a)(1). However, on the facts of this case, the Court finds Plaintiff's request is more appropriately considered under subsection (a)(2) of Rule 15. Even if Plaintiff had availed himself of the provisions for amendment as a matter of right, the Court's permission would still be required before the complaint could be properly served on the Defendant. Rule 15(a)(2) provides that absent the right to amend, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In this instance, the Court finds justice requires Plaintiff be given leave to amend his complaint and the amended complaint be served upon Defendant.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's [Second Amended] Affidavit of Indigency (Doc. #17), construed as a motion to proceed *in forma pauperis*, is **GRANTED**.

2. Attorney Rachel A. Compton is appointed to represent Plaintiff in this action pursuant to the Jacksonville Division Civil Pro Bono Appointment Program, *nunc pro tunc* to June 29, 2011.

3. Plaintiff's Motion for Leave to Amend Plaintiff's Complaint (Doc. #19) is **GRANTED**. The Clerk is directed to file Plaintiff's Amended Complaint and Demand for Jury Trial, which is found docketed under Doc. #19-1 to the instant motion.

3. Plaintiff's Motion to Extend Time to Serve the Defendant (Doc. #20) is

**GRANTED to the extent set forth above**. Out of an abundance of caution, the Court hereby reminds Plaintiff that he/she is responsible for preparing summons to be served. The Clerk of the Court shall send Plaintiff's counsel blank Summons and blank USM 285 forms to be completed and returned to the Clerk's Office, along with the correct number of copies of the complaint, so the complaint and summons may be served by the United States Marshal.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of July, 2011.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge